People v Lamb (2020 NY Slip Op 06405)





People v Lamb


2020 NY Slip Op 06405


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, JJ. 


Ind No. 3533/15 3533/15 Appeal No. 12295 Case No. 2018-2586 

[*1]The People of the State of New York, Respondent,
v
Michael Lamb, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Carl S. Kaplan of counsel), for appellant.
Michael Lamb, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathon Krois of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered December 1, 2017, as amended December 2, 2017, convicting defendant, after a jury trial, of sex trafficking (two counts) and promoting prostitution in the third degree, and sentencing him to an aggregate term of 6 to 18 years, unanimously modified, on the law, to the extent of vacating the supplemental sex offender fee, and otherwise affirmed.
The People proved beyond a reasonable doubt that New York had territorial jurisdiction over the sex trafficking counts, because defendant's conduct in New York was sufficient to establish one of the elements of that crime (see CPL 20.20[1][a]). A person is guilty of sex trafficking if, in relevant part, he or she "intentionally advances or profits from prostitution by . . . using force or engaging in any scheme, plan or pattern to compel or induce the person being patronized to engage in or continue to engage in prostitution activity by means of [various enumerated threats]" (Penal Law § 230.34[5][a],[e]). The court correctly concluded that jurisdiction was established because the People had proven that defendant advanced or profited from prostitution in New York during the relevant time period, notwithstanding that the threatening conduct against a particular person occurred in New Jersey, because the statute does not require that a defendant advance or profit from the prostitution of the specific victim who was threatened.
The rationale in People v Giordano (87 NY2d 441, 447 [1995]), which involved a gambling offense also structured with a core crime, and an additional element of committing the core crime "by" specified conduct, is applicable here. The crime of sex trafficking is related to the misdemeanor of promoting prostitution in the fourth degree, which requires only that a defendant knowingly advance or profit from prostitution (Penal Law § 230.20[1]). To interpret the sex trafficking offense as a one-element crime would render the language in the opening paragraph "surplusage" when in fact defendant's "liability was raised to the felony level because he engaged in" the previously described threatening conduct (id. at448). Thus, "[t]he opening paragraph and [the relevant subdivision] describe different conduct; the use of the word 'by' in the statute to define how the enhanced liability obtains does not, as defendant maintains, collapse two elements into one" (id. at 447). Although Giordano addressed venue under CPL 20.40(1)(a), rather than territorial jurisdiction, its principles of statutory construction are relevant here.
At a minimum, defendant advanced prostitution in New York by advertising prostitution services online, while engaging in threatening conduct, albeit in New Jersey, involving the particular victim. For the same reasons, defendant's challenges to the court's supplemental charge on this issue in response to a jury note are unavailing.
When a deliberating juror failed to appear on a Thursday, the court properly denied defendant's mistrial motion, made on the ground that because defendant had only consented to suspending deliberations from the following Friday through Monday, the court thus violated the 24-hour limit on suspending deliberations by adjourning on Thursday (see CPL 310.10[2]). Defendant waived, at the very least, any objection to the suspension period from the close of business Thursday until deliberations resumed on Tuesday (see Matter of Capellan v Stone, 49 AD3d 121, 125 [1st Dept 2008], lv denied 10 NY3d 716 [2008]), and the record does not establish that the waiver was only conditional. The additional suspension of deliberations on Thursday, even if not covered by the waiver, did not violate the 24-hour limit.
As the People concede, the supplemental sex offender fee should be vacated because sex trafficking is not one of the enumerated offenses for which that fee may be imposed.
We perceive no basis for reducing the sentence.
We have considered and rejected the remaining arguments in defendant's pro se supplemental brief.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020